NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2443
_____

UNITED STATES OF AMERICA

v.

DANIEL GATSON, also known as Tokyo Gatson
also known as CRAIG, also known as BIG COUNTRY,

Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-13-cr-00705-001)
District Judge:  Honorable William J. Martini

_____

Submitted on Appellee's Motion for Summary Affirmance
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6

October 6, 2022

Before:  AMBRO, KRAUSE, and PORTER, <u>Circuit Judges</u>

(Opinion filed: October 14, 2022)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**PER CURIAM**

Daniel Gatson, a federal prisoner housed at Federal Correction Institution at Fort Dix ("FCI-Fort Dix"), appeals from the order of the District Court denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The Government has filed a timely motion for summary affirmance. For the following reasons, we grant the Government's motion and will summarily affirm the District Court's order.

In 2015, Gatson was convicted of numerous counts of transporting stolen property across state lines. The property, valued at $3.6 million, had been stolen from multiple residences. The District Court imposed a sentence of 300 months' imprisonment. In 2021, Gatson filed a motion for compassionate release, arguing that his race, weight, and hypertension diagnosis made him susceptible to complications from contracting COVID-19. The District Court denied Gatson's motion, noting that his concerns regarding COVID-19 were not supported by his decision to decline the COVID-19 vaccine. This Court summarily affirmed the judgment. See United States v. Gatson, No. 21-2749, 2021 WL 5632079 (3d Cir. Dec. 1, 2021) (per curiam).

In 2022, Gatson filed another pro se motion for compassionate release, arguing that he was now fully vaccinated but still at a heightened risk of becoming severely ill due to new and vaccine-resistant strains of COVID-19. He also argued that, in light of the current sentencing landscape, his sentence was unduly severe. The District Court again denied Gatson's motion, reasoning that, while they do not provide absolute immunity, vaccines protect against severe illness. Gatson appealed.

We have jurisdiction under 28 U.S.C. § 1291.  We review a district court's decision to deny a motion for compassionate release for abuse of discretion.  See United States v. Andrews, 12 F.4th 255, 259 (3d Cir. 2021).  Thus, "we will not disturb the court's determination unless we are left with a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached."  Id. (quotation marks, alteration, and citation omitted).  We may take summary action if the appeal presents no substantial question.  3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

A district court "may reduce [a federal inmate's] term of imprisonment" and "impose a term of probation or supervised release" if it finds that "extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A)(i).[1]  Although Gatson's weight and hypertension place him at a higher risk of serious illness from COVID-19, the District Court did not commit a clear error of judgment in concluding that his ailments were insufficient to constitute an extraordinary and compelling circumstance justifying release in this case.  As the District Court noted, Gatson is fully vaccinated, which reduces his risk of serious illness.  See United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release.").  Moreover, the District Court observed that because FCI-Fort Dix had only one active COVID-19 case at the time Gatson filed his motion, conditions within the facility also counseled against granting relief.  As to Gatson's argument regarding the changed sentencing landscape, this Court has noted that non-retroactive changes in statutory sentencing law alone cannot create extraordinary and compelling circumstances warranting compassionate release.  See Andrews, 12 F.4th at 261-62.  Because we discern no abuse of discretion in the District Court's decision, we grant the Government's motion for summary action and will summarily affirm the District Court's judgment.  See Third Circuit I.O.P. 10.6.

---

[1] Before granting compassionate release, a district court must also consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable."  18 U.S.C. § 3582(c)(1)(A).  Here, having concluded that Gatson did not demonstrate extraordinary and compelling reasons justifying release, the District Court went on to find that the weighing of the § 3553(a) factors also advised against compassionate release.